52 A.3d 170

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. TERRENCE MILLER, DEFENDANT–APPELLANT.

October 3, 2012.

## ORDER

This matter having been brought before the Court on defendant's appeal as of right, and the Court having heard argument of the parties and amici curiae on September 11, 2012, and the Court having determined that the record is not sufficient in the following respect: The record reveals that defendant met his new attorney for the first time on the morning of September 10, 2007, prior to the start of the suppression hearing and trial. It is unclear from the record the amount of time, if any, defendant and his attorney spoke about the case before court proceedings actually began on September 10, 2007. It is therefore

ORDERED that the matter is summarily remanded to the Superior Court, Law Division, for the trial court to develop a factual record that establishes (a) the amount of time, if any, that defendant and his attorney spoke about the case on September 10,

2007, before the start of actual court proceedings in the matter, including but not limited to information about when defendant and defense counsel arrived in court and when the trial court called the case, and (b) the circumstances of any such discussions, namely, whether they were conducted in private. The proceedings on remand should not address the substance of any discussions and should not delve into privileged attorney-client information, unless defendant elects to waive the privilege.

The hearing on remand is to commence within thirty days of the filing date of this Order, and the trial court's statement of its findings of fact is to be filed with the Court within thirty days of the conclusion of the hearing.

Jurisdiction is retained.

Justices LaVECCHIA and HOENS dissent from the Order remanding for the development of a limited factual record. The dissenting Justices generally question the wisdom of a sua sponte remand in the context of a direct appeal as of right arising from a dissent in the Appellate Division, *see R.* 2:2–1(a)(2), because it will entail an inquiry into facts that exceed the contours of the precise issue raised in the dissent. In their view, it is unwarranted to introduce the practice of a remand into a direct appeal that calls only for the Court's review of a trial court's exercise of discretion to deny an adjournment request based on the reasons that were given at the time. Moreover, because this appeal comes only by way of an Appellate Division dissent that agreed that prejudice to defendant was not present, the dissenting Justices believe that the majority's well-intentioned desire to probe further into prejudice, notwithstanding that trial counsel said he was prepared to proceed, is better left for examination in a subsequent post-conviction relief application.